**Vivian Ray Thompson PRIDE, Respondent/Cross-Appellant,**

v.

**James Edward PRIDE, Appellant/Cross-Respondent.**

**No. ED 80129.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 20, 2002.

Irving L. "Buddy" Cooper, St. Louis, MO, for appellant.

Jack F. Allen, St. Louis, MO, for respondent.

Before GARY M. GAERTNER, SR., P.J. and PAUL J. SIMON and CLIFFORD H. AHRENS, JJ.

*ORDER*

PER CURIAM.

James Edward Pride, father, appeals the judgment entered in favor of mother, Vivian Ray Thompson Pride, in her motion to modify child support and custody of their daughter, Aja, and her motion for an order to show cause why father should not

be punished for contempt for violation of the decree of dissolution as to child's health insurance coverage. Father's motion to modify child support was denied. Mother appeals the trial court's denial of her claim for additional child support as a result of father changing child's insurance coverage.

On appeal, father raises numerous points, essentially contending that the trial court erred in 1) increasing his child support; 2) imputing income to him in the amount of $3,000 per month; 3) implying that he may be entitled to social security or disability benefits; 4) finding that there was no evidence that he failed to seek employment using his experience as a police officer and failing to find that his health conditions prevented him from working; 5) finding that he had the ability to work; 6) its Form 14 calculation by including a) $272.00 for child care costs; b) $111.00 for health insurance; c) $340.00 for child's private school tuition and d) $107.00 for child's orthodontic services; 7) finding that mother incurred $899.00 in health and out of pocket medical expenses as a result of father's change of child's health insurance coverage; 8) not awarding father joint legal custody of child; and 9) finding father in contempt of court for switching child's health insurance coverage.

In her cross-appeal, mother contends that the trial court erred in failing to find father in contempt and awarding mother $18,528.39 for father's change of child's insurance coverage which resulted in a reduction in father's support obligation.

Father's points and mother's point concern the propriety of the trial court's evidentiary findings. Our review of the record on appeal reveals that the trial court's finding are supported by substantial evidence and not against the weight of the evidence. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). Further, the record on appeal and the briefs of the parties indicate that the trial court did not erroneously declare or apply the law. *Id.* An extended opinion reciting detailed facts and restating principles of law would have no precedential or jurisprudential value. We affirm the judgment pursuant to Rule 84.16(b).